■ In the Matter of STAR INDUSTRIES, INC., Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— Order of State Liquor Authority dated August 4, 1965, is modified on the law to dismiss charge number 2, and otherwise confirmed, without costs or disbursements. Petition verified December 21, 1965, dismissed, without costs as academic. Of the four charges asserted against petitioner by respondent two were dismissed by the Authority. As to charge number 3, based on acts of respondent's salesman, concededly :.. proper and forbidden, we find that petitioner was charged with knowledge by virtue of the time period during which the practices were continued and the manner in which they were carried out. The remaining charge concerned a claimed variance between copies of the sales slips retained by the petitioner and those given to their customers. The statute provides in part (Alcoholic Beverage Control Law, § 104, subd. 10): "Each sale shall be recorded separately on a consecutively numbered invoice, which shall have printed thereon the consecutive number, the name of the licensee, the address of the licensed premises, and the current license number. Such wholesaler shall deliver to the purchaser a true duplicate invoice". It is not disputed that the copies given to customers conformed in every way with petitioner's copies except that the latter bore consecutive identification numbers which were printed on the slips when received from the printer, while the same numbers appeared on the slips given to the customers; these numbers were not preprinted but were put on thereafter. Petitioner established that these numbers appeared on the customer's slips (as well as the balance of the notations) as the result of the imprinting process of an IBM machine. It was impossible to change the number on any one slip without destroying the entire sequence as produced by the machine and thereby upsetting the entire system of petitioner's bookeeping. It appears, therefore, that petitioner's method conforms to the letter of the statute and also carries out the purposes of the statutory mandate, namely, to provide a means by which an unchangeable sequence of numbering appears on both kinds of slips, rendering them easily identifiable for purposes of comparison. This being so, we find no infraction resulting from petitioner's methods. The petition of December 21, 1965, referred to a recall proceeding. That proceeding resulted in nothing more than a letter of warning. Such letters carry no sanction and impose no penalty. Unless something extraordinary be shown prejudicial to petitioner, a petition to vacate the findings will not lie. Concur — Tilzer, J. P., Markewich, McNally and Steuer, JJ.; McGivern, J., dissents in part in the following memorandum: I differ from the majority only in respect of their treatment of charge number 2: In my view a court improperly dismisses a picayune charge of this character on the ground it sees no infraction. The statute calls for a "true duplicate," and those in charge of enforcing the law, in the light of their administrative expertise, find the number on the customer's invoice being "typed", is not

an exact and identical duplicate of an original which is "printed." The purpose of the statute, the enforcers say is to prevent the juggling of accounts and other forms of dexterous skulduggery. They give a rational basis for their conclusion. There the matter should end. (*Matter of Colton* v. *Berman,* 21 N Y 2d 322; *Udall* v. *Tallman,* 380 U. S. 1, 16.) There is no valid basis for the substitution by this court of its opinion in place of that of the agency regarding the possibility of falsifying records. The agency's opinion is born of an experience this court, in my view, cannot possibly have.